E. Surgi *v.* James Calder et al.

In a suit against the curator of a succession, in which a question of title between the succesion and a third party is involved, the attorney of absent heirs has no authority to file an answer, making a different issue from the one presented by the answer of the curator.

APPEAL from the Second District Court of New Orleans, *Morgan,* J. *C. Redmond,* for plaintiff and appellant. *F. Haynes,* for defendant.

Merrick, C. J. This suit is brought to restrain the defendant, who was the curator of *E. N. Collins'* succession, from selling five mules and six drays, alleged to be the property of defendant.

The attorney for the absent heirs, as well as the curator, answered the petition.

The District Court being of the opinion that the plaintiff had failed to prove the identity of the property, rendered judgment in favor of defendant, and plaintiff appeals.

Since the appeal has been pending, *James Calder* has died, and *John Coles* has been appointed a curator to *E. N. Collins'* succession, and made himself a party to this appeal.

We are of the opinion that the District Judge erred in deciding against the plaintiff on the question of the identity of the property. The case must be decided upon the answer of the curator of the succession, and not upon the general denial of the attorney of the absent heirs. C. P. 122.

The answer of the curator, who alone has capacity to form the *contestatio litis,* and stand in judgment on a question of title between the succession and a third party, admits, as we think, the identity of the mules, drays, &c., claimed, with those sold by *Barrett* to plaintiff. Now, when plaintiff shows a notarial act of sale from *Collins* to *Barrett & Fitzsimmons,* a verbal release from the latter to *Barrett,* and a sale from *Barrett* to the plaintiff, he exhibits a *prima facia* title to the property in question.

The burden is then upon the defendant to defeat such title by the proper averments and proof.

In this case, we think the defendant should be permitted to amend, by showing the insolvency of the succession, and that the sales are fraudulent or simulated, if such be the fact.

It is, therefore, ordered, adjudged and decreed by the court, that the judgment of the District Court be avoided and reversed ; that the present defendant have leave to amend the answer, and that the case be remanded for a new trial, and further proceedings according to law, the curator of the succession of *E. N. Collins,* deceased, as such, paying the costs of the appeal.

Voorhies, J., absent.